1
2
3
4
5

Dariush G. Adli, Esq., SBN 204959
adli@adlilaw.com
Drew H. Sherman, Esq., SBN 237045
drew.sherman@adlilaw.com
ADLI LAW GROUP, PC
444 South Flower St., Suite 1750
Los Angeles, California 90071
Telephone:  (213) 623-6546
adli@adlilaw.com

6
7

Attorneys for Plaintiff,
ANTIAGING INSTITUTE OF CALIFORNIA, INC.

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11
12
13

ANTIAGING INSTITUTE OF
CALIFORNIA, INC.; a California
corporation;

                Plaintiff,

v.

14
15
16
17

SOLONOVA, LLC, a California
Limited Liability Company; EASY
LIVING HEALTH, a business of
unknown formation; DEEPAK
CHOPRA, an individual; DOES 1 to
100

18

                Defendants.

19
20
21
22
23
24
25
26
27
28

**CASE NO.:**

Hon. Judge

**COMPLAINT FOR:**

1. **FEDERAL TRADEMARK INFRINGEMENT**
2. **FEDERAL UNFAIR COMPETITION AND FEDERAL FALSE DESIGNATION OF ORIGIN (15 U.S.C. 1125(a))**
3. **CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT**
4. **CALIFORNIA UNFAIR COMPETITION**
5. **FEDERAL FALSE ADVERTISIN**
6. **COMMON LAW UNFARI COMEPTITION AND FALSE DESIGNATION OF ORIGIN**
7. **CALIFORNIA FALSE ADVERTISING**
8. **DECLARATORY RELIEF**
9. **MISAPPROPRIATION**

-1-
COMPLAINT

1    Plaintiff, ANTIAGING INSTITUTE OF CALIFORNIA, INC.,

2   ("Antiaging") (referred to as "Plaintiff"), hereby complains of Defendants

3   Solonova, LLC, a California Limited Liability Company, ("Solonova"); Easy

4   Living Health, a business of unknown formation, ("ELH"); Deepak Chopra, an

5   individual, ("Chopra"); and DOES 1 to 100 (collectively and individually in any

6   combination, "Defendants"), and alleges as follows:

7                    **I.  JURISDICTION AND VENUE**

8           1.      This Court has original subject matter jurisdiction over the

9   claims that relate to trademark infringement; false designation of origin; and

10  federal unfair competition pursuant to sections 34(a) and 39(a) of the Lanham

11  Act and 15 U.S.C. §§ 1114(1), 1116, 1121, and 1125(a) pursuant to 28 U.S.C.

12  § 1331 and 1338(a), as these claims arise under the laws of the United States.

13  The Court has supplemental jurisdiction over the claims in this Complaint

14  which arise under state statutory and common law pursuant to 28 U.S.C. §

15  1367(a) because the state law claims are so related to the federal claims that

16  they form part of the same case or controversy and derive from a common

17  nucleus of operative facts.

18          2.      This Court has personal jurisdiction over the Defendants

19  because they have a continuous, systematic, and substantial presence within

20  this judicial district. For example, by using and offering infringing products in

21  this judicial district, and by committing acts of trademark infringement in this

22  judicial district, including but not limited to offering infringing products

23  directly to consumers and users in this district, Defendants' acts form a

24  substantial part of the events or omissions giving rise to Plaintiff's claims.

25          3. Venue is proper in this Judicial District pursuant to 28 U.S.C.

26  §1391(b) and (c).

27

28

---

## II.   THE PARTIES

4.      Plaintiff ANTIAGING INSTITUTE OF CALIFORNIA, INC., ("Antiaging") is a California corporation with its principal place of business in the City of Beverly Hills, County of Los Angeles, and the State of California.

5.      Plaintiff is informed and believes, and thereon alleges that Defendant Solonova, is a California Limited Liability Company having its principal place of business at 7110 Redwood Blvd, Novato, California 94945.

6.      Plaintiff is informed, believe, and thereon alleges that Deepak Chopra is owner and principal of Solonova and resides in Marin County, California.

7.      Plaintiff are informed, believe, and thereon alleges that Defendant ELH is a California business of unknown formation with it principal place of business at 1448 Pine St., #228, San Francisco, California 94109.

8.      Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, partnership, or otherwise of each of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to reflect their true names and capacities as they are ascertained.

9.      Plaintiff is informed and believes and, based upon such information and belief, alleges that each of the Defendants named herein as a Doe was and is negligently, intentionally, or both negligently and intentionally responsible in some manner for the occurrences herein alleged, and the injuries and damages suffered by Plaintiff as herein alleged were the direct and proximate result of, and caused by the acts and omissions of the Defendants.\

10.     All of the Defendants, including the Doe Defendants, are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of a civil wrong as alleged in

this Complaint.

11. Plaintiff is informed and believes and thereon alleges that each Defendant entered into a conspiracy and agreement with the other Defendants and/or subsequently joined said conspiracy and ratified the prior acts and conduct of the Defendants who had previously entered into said conspiracy. Plaintiff is currently unaware of when each Defendant joined said conspiracy and, upon information and belief, alleges that Defendant joined said conspiracy and, upon information and belief, alleges that all Defendants have knowingly, maliciously, and willfully entered into said conspiracy, which continues until this day. The purposes of this ongoing conspiracy include, but are not limited to, the wrongs alleged herein. All Defendants' acts and failures to act as alleged herein were perpetrated in furtherance of the ongoing conspiracy.

12. Plaintiff is informed and believes and thereon alleges that, at all times material herein, each of the Defendants was the agent, employee and/or working in concert with the other Co-Defendants and was acting within the course and scope of such agency, employment and/or concerted activity.

13. To the extent that certain acts and omissions were perpetrated by certain Defendants, the remaining Defendant or Defendants confirmed and ratified said acts and omissions.

14. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

15. Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendants in this Complaint but were employees/agents of each other Defendant, such individuals acted on behalf of each Defendant within the scope of their employment.

16.     At all times relevant, each Defendant was the employer, joint employer, and/or agent of each of the Co-Defendants.

17.     Plaintiff is informed and believes and thereon alleges that Defendants were associated or affiliated with one or more of the other Defendants in connection with matters and conduct sued upon herein. Plaintiffs allege that each Defendant was acting with one or more of the other Defendants pursuant to a common scheme, course of action, enterprise or conspiracy and each Defendant is liable to Plaintiff for the events happenings and damages alleged herein.

18.     Plaintiff is informed and believes, and thereon alleges that Defendant Chopra, and DOES 1 through 50 ("Individual Defendants") are, and at all relevant times herein were, owners of all or a controlling interest of Solonova, ELH, and DOES 51 through 100 ("Entity Defendants"), and that there existed between the Individual Defendants and Entity Defendants, and each of them, a unity of interest and ownership, such that any individuality or separateness of such Defendants never existed or has ceased, and that the Entity Defendant are the alter egos of the Individual Defendants, and each other.

19.     Plaintiff is informed and believes and thereon alleges that Individual Defendants dominated and controlled the business affairs of the Entity Defendants, and each of them.  As a result, adherence to the fiction of a separate existence between such Defendants would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

20.     Plaintiff is informed and believes and thereon alleges that the Court can pierce the corporate veil of the Entity Defendants and hold Individual Defendants individually liable because of the improper activities as follows:

          a.     Defendants failed to maintain or observe corporate

formalities when they violated Corporate By Laws by refusing to hold proper Board of Director meetings and refused to hold Annual Shareholder Meetings;

b. Defendants failed to maintain or observe corporate formalities when they prevented shareholders to regularly elect the Board of Directors in violation of the Corporate By Laws;

c. Defendants failed to maintain or observe corporate formalities when they failed to keep minutes or file corporate tax returns;

d. Individual Defendants commingled corporate fund with their personal funds;

e. Individual Defendants used their residence as the Entity Defendants' business addresses; and

f. Individual Defendants under-capitalized the Entity Defendants.

21.    Based upon the foregoing, Plaintiff is informed and believes, and thereon alleges that the Entity Defendants are the alter egos of the Individual Defendants and each other, therefore, Plaintiff may proceed against all Defendants directly, as they are each liable jointly and severally for any and all damages suffered by Plaintiff.

22.    Whenever appearing in this Complaint, all references to "Defendant(s)" is intended to be, and shall be deemed, a reference to all Defendants in this action, and each of them, named and unnamed, including all fictitiously named Defendants.


III.    **COMMON ALLEGATIONS TO ALL CLAIMS OF RELIEF**

23.    Plaintiff is in the business of providing health and wellness

products and services through wholesale supply, mail order retail, and internet retail marketing and fulfillment around the world.  As part of the business, Plaintiff is a purveyor of health and wellness supplements.

24.     Since 2004 Plaintiff has sold and offered for sale calcium supplements (the "Product") under the marks "LiquiCalcium" (the "Mark"). Since that time Plaintiff has sold approximately 880,000 bottles of LiquiCalcium around the world.

25.     Plaintiff has applied for a United States trademark registration in the Mark.  Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's trademark application for the Mark, which is incorporated herein by reference.

26.     The Mark has not been abandoned, cancelled, or revoked.

27.     The Mark includes common law trademark rights as well.

28.     Since at least the 2004, when Plaintiff launched its advertising, and marketing strategies for the Product, and up to the present, Plaintiff has extensively developed, promoted, advertised, and marketed its MARK.

29.     Plaintiff has spent significant amounts of money and resources developing, promoting, and advertising its' MARK so that the public recognizes the Products associated with the MARK, and recognizes the MARK come from Plaintiff.

30.     As a result of the widespread use and display of the MARK as a distinctive trademark identifying, *inter alia*, the Products, (a) the public has come to recognize and identify products bearing the MARK as emanating from Plaintiff; (b) the public recognizes that products bearing the MARK constitute high quality, dependable products that conform to the standards of quality and care created by Plaintiff, and (c) the MARK has established strong secondary meaning and extensive goodwill throughout the world.

31.     Plaintiff is informed and believes, and thereon alleges that Defendants, at all times herein, saw, knew, and was familiar with Plaintiff and

1  the MARK through Plaintiff's internet, print, and radio advertisements, and

2  through word of mouth from industry participants.

3       32.    Plaintiff is informed and believes, and thereon alleges that various

4  distributors told Defendants about the Plaintiff's success with the Product and

5  the Mark.

6       33.    Plaintiff is informed and believes, and thereon alleges that

7  Defendants have been selling their own version of a calcium supplement since

8  2004.

9       34.    Plaintiff is informed and believes, and thereon alleges that

10 sometime in or around 2009, Defendants began selling their calcium

11 supplement by using the Mark.

12      35.    Plaintiff is informed and believes, and thereon alleges that

13 Defendants' use of the Mark is done with intent to divert Plaintiff's customers to

14 the Defendants and their products.

15      36.    Plaintiff is informed and believes, and thereon alleges that

16 Defendants' use of marks which is identical, closely resemble or are

17 substantially indistinguishable from the Mark has been with the intent to

18 confuse consumers that the Defendants are associated, affiliated, sponsored by,

19 and/or in some way are endorsed by Plaintiff.

20      37.    Plaintiff is informed and believes, and thereon alleges that

21 Defendants' use of marks which are identical, closely resemble or are

22 substantially indistinguishable from the Mark has been with knowledge and

23 deliberate disregard that Plaintiff owns the Mark and has therefore been

24 deliberate and willful.

25

26

27

28

# FIRST CAUSE OF ACTION

## (Federal Trademark Infringement)

## (15 U.S.C. §1114)

## (Against All Defendants)

38.     Plaintiff hereby re-allege and incorporates paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

40.     As set forth above Defendants have engaged in acts of direct infringement by the use of the Mark without Plaintiff's consent.

41.     As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

42.     Upon information and belief, long after Plaintiff's adoption and use of the Mark, Defendants have adopted and used in commerce identical or confusingly similar versions the Mark without Plaintiff's consent in a manner that infringes upon Plaintiff's rights in the Mark in violation of 15 U.S.C. § 1114.

43.     Without Plaintiff's consent, Defendants use in commerce marks that are confusingly similar to the Mark in connection with the promotion, marketing, advertising of products in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

44.     Plaintiff is informed and believes, and thereon alleges, that Defendants did so with actual knowledge of Plaintiff's ownership and prior use of the Mark, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, originate from, or are approved by Plaintiff, when they are not.

45.     Plaintiff is informed and believes, and thereon alleges, that Defendants' activities constitute willful and intentional infringement of the Mark, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendants' knowledge that the use of the Mark was and is in direct contravention of Plaintiff's rights.

46.     Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Mark in an amount that is not presently known to Plaintiff.  By reason of Defendants' actions, constituting unauthorized use of the Mark, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

47.     Due to Defendants' actions, constituting unauthorized use of the Mark, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition & False Designation of Origin)
### (15 U.S.C. § 1125(a))
### (Against All Defendants)

48.     Plaintiff hereby re-allege and incorporates paragraphs 1 through 47 of this Complaint as if fully set forth herein.

49.     This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

50.     As set forth above Defendants, and each of them, have engaged in acts of direct infringement by the use of the Mark without Plaintiff's consent.

51.     Defendants' direct and indirect use of the Mark without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause

confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

52.     Defendants' direct and indirect use of the Mark without Plaintiff's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or commercial activities in violation of 15 U.S.C. § 1125(a).

53.     Such conduct by Defendants is likely to confuse, mislead, and deceive Defendants' subscribers, users, and members of the public as to the origin of Defendants' products or cause said persons to believe that Defendants and/or their products have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, when they are not, all in violation of 15 U.S.C. § 1125(a).

54.     Upon information and belief, Defendants' actions were undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations.

55.     Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' false designation of origin, false or misleading statements, descriptions of fact, or false or misleading representations of fact in an amount that is not presently known to Plaintiff.

56.     By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

**57.**     Due to Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, or false or misleading representations of fact, Plaintiff has suffered and continues to suffer great and irreparable injury, for which Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### California Common Law Trademark Infringement

### (Against All Defendants)

**58.**     Plaintiff repeats and re-alleges the allegations of paragraphs 1-57 of this Complaint as if set forth fully herein.

**59.**     This is a claim for trademark infringement, arising under California common law.

**60.**     Defendants' acts complained of herein constitute trademark infringement under California common law.  Plaintiff is informed and believes, and thereon alleges, that Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the Mark causes a likelihood of confusion.

**61.**     Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received and will continue to derive and receive, gains, profits and advantages from Defendants' trademark infringement in an amount that is not presently known to Plaintiff. By reason of Defendants' wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

**62.**     Due to Defendants' trademark infringement, Plaintiff has suffered and continues to suffer great and irreparable injury for which Plaintiff has no adequate remedy at law.

**63.**     Defendants' willful acts of trademark infringement under

1    California common law constitute fraud, oppression, and malice. Accordingly,

2    Plaintiff is entitled to exemplary damages.

3

4                          **FOURTH CAUSE OF ACTION**

5                         **(California Unfair Competition)**

6                           **(Cal. B&P Code §17200)**

7                           **(Against All Defendants)**

8            64.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-63

9    of this Complaint as if set forth fully herein.

10           65.    This is a claim for unfair competition, arising under California

11   Business & Professions Code § 17200, et seq.

12           66.    Defendants' acts of trademark infringement, false designation of

13   origin and false advertising, complained of herein constitute unfair competition

14   with Plaintiff under the statutory laws of the State of California, particularly

15   California Business & Professions Code § 17200 et seq.

16           67.    Plaintiff is informed and believes, and thereon alleges, that

17   Defendants have derived and received, and will continue to derive and receive,

18   gains, profits and advantages from Defendants' unfair competition in an amount

19   that is not presently known to Plaintiff.  By reason of Defendants' wrongful acts

20   as alleged in this Complaint, Plaintiff has been damaged and is entitled to

21   monetary relief in an amount to be determined at trial.

22           68.    By their actions, Defendants have injured and violated the rights of

23   Plaintiff and have irreparably injured Plaintiff, and such irreparable injury will

24   continue unless Defendants are enjoined by this Court.

25

26                          **FIFTH CAUSE OF ACTION**

27            **(Federal Trademark Infringement by False Advertising)**

28                           **(15 U.S.C. § 1114(b))**

-13-
COMPLAINT

**(Against All Defendants)**

69.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-68 of this Complaint as if set forth fully herein.

70.    This is a claim for trademark infringement by imitating and false advertising arising under 15 U.S.C. § 1114(b).

71.    As set forth above Defendants have engaged in acts of direct infringement by the use of the Mark without Plaintiff's consent.

72.    As set forth above, Defendants, and each of them, are directly liable for the direct acts of infringement committed by them.

73.    Without Plaintiff's consent, Defendants use in commerce marks which are identical, closely resemble, or are substantially indistinguishable from the Mark in connection with the promotion, marketing, advertising of products in a manner which is likely to cause confusion, or to cause mistake, or to deceive.

74.    Plaintiff is informed and believes, and thereon alleges, that Defendants did so with actual knowledge of Plaintiff's ownership and prior use of the Mark, and with the intent to unfairly compete with Plaintiff, to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' products are associated with, sponsored by, originate from, or are approved by Plaintiff, when they are not.

75.    Plaintiff is informed and believes, and thereon alleges, that Defendants' acted willfully and intentionally to infringe of the Mark, directly and/or indirectly, in total disregard of Plaintiff's proprietary rights, and were done despite Defendants' knowledge that the use of the Mark was and is in direct contravention of Plaintiff's rights.

76.    Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive,

1 gains, profits, and advantages from the use of the Mark in an amount that is not
2 presently known to Plaintiff.  By reason of Defendants' actions, constituting
3 unauthorized use of the Mark, Plaintiff has been damaged and is entitled to
4 monetary relief in an amount to be determined at trial.

5     **77.**    Due to Defendants' actions, constituting unauthorized use of the
6 Mark, Plaintiff has suffered and continues to suffer great and irreparable injury,
7 for which Plaintiff has no adequate remedy at law.

8
9 **SIXTH CAUSE OF ACTION**
10 **(Common Law Unfair Competition and False Designation of Origin)**
11 **(Against All Defendants)**

12     78.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-77
13 of this Complaint as if set forth fully herein.

14     79.    This is a claim for common law unfair competition and false
15 designation of origin.

16     80.    As set forth above, Plaintiff is informed and believes, and thereon
17 alleges that Defendants, and each of them, have used marks which closely
18 resemble and are substantially indistinguishable from the Mark without
19 Plaintiff's consent.

20     81.    In fact, Plaintiff has received communications from its customers
21 and members indicating that they were deceived and confused by the
22 Defendants' use of marks which closely resemble and are substantially
23 indistinguishable from the Mark.

24     82.    Defendants' use of marks which are identical, closely resemble, or
25 are substantially indistinguishable from the Mark without Plaintiff's consent
26 constitutes a false designation of origin, false or misleading description of fact,
27 or false or misleading representation of fact, which has and is likely to further
28

1  cause confusion, or to cause mistake, or to deceive as to the source of

2  Defendants' products.

3        83.    Such conduct by Defendants has and is likely to further confuse,

4  mislead, and deceive Plaintiff's and Defendants' customers and members of the

5  public as to the origin of Defendants' products or cause said persons to believe

6  that Defendants and/or their products have been sponsored, approved,

7  authorized, or licensed by Plaintiff or are in some way affiliated or connected

8  with Plaintiff, when they are not.

9        84.    Upon information and belief, Defendants' actions were undertaken

10  willfully with full knowledge of the falsity of such designation of origin and

11  false descriptions or representations.

12        85.    Plaintiff is informed and believes, and thereon alleges, that

13  Defendants have derived and received, and will continue to derive and receive,

14  gains, profits, and advantages from Defendants' false designation of origin,

15  false or misleading statements, descriptions of fact, or false or misleading

16  representations of fact in an amount that is not presently known to Plaintiff.

17        86.    By reason of Defendants' actions, constituting false designation of

18  origin, false or misleading statements, false or misleading descriptions of fact,

19  or false or misleading representations of fact, Plaintiff has been damaged and is

20  entitled to monetary relief in an amount to be determined at trial.

21        87.    Due to Defendants' actions, constituting false designation of

22  origin, false or misleading statements, false or misleading description of fact, or

23  false or misleading representations of fact, Plaintiff has suffered and continues

24  to suffer great and irreparable injury, for which Plaintiff has no adequate

25  remedy at law.

26

27

28

1

2

3

4

**SEVENTH CAUSE OF ACTION**

**(California False Advertising)**

**(Cal. B& P Code §17500)**

**(Against All Defendants)**

5       88.     Plaintiff repeats and re-alleges the allegations of paragraphs 1-152

6  of this Complaint as if set forth fully herein.

7       89.     This is a claim for false advertising arising under California

8  Business & Professions Code §17500.

9       90.     As set forth above, Plaintiff is informed and believes, and thereon

10  alleges that Defendants, and each of them, have used marks in their advertising

11  which closely resemble and are substantially indistinguishable from the Mark

12  without Plaintiff's consent.

13       91.     In fact, Plaintiff has received communications from its customers

14  and members indicating that they were deceived and confused by the

15  Defendants' use of marks which are identical, closely resemble, or are

16  substantially indistinguishable from the Mark.

17       92.     Defendants' use of marks which are identical, closely resemble, or

18  are substantially indistinguishable from the Mark is misleading, has and is

19  likely to further mislead, cause confusion, or to cause mistake, or to deceive as

20  to the source of Defendants' products.

21       93.     Such conduct by Defendants has and is likely to further confuse,

22  mislead, and deceive Plaintiff's customers and members of the public as to the

23  origin of Defendants' products or cause said persons to believe that

24  Defendants and/or their products have been sponsored, approved, authorized,

25  or licensed by Plaintiff or are in some way affiliated or connected with

26  Plaintiff, when they are not.

27       94.     Plaintiff is informed and believes, and thereon alleges that

28  Defendants' actions were undertaken in an attempt to divert and secure

-17-
COMPLAINT

1   Plaintiff's customers and business from Plaintiff.

2       95.    Plaintiff is informed and believes, and thereon alleges that

3   Defendants' actions were undertaken willfully with full knowledge that using

4   marks which closely resemble and are substantially indistinguishable from the

5   Mark would mislead Plaintiff's customers and members, and would also mislead

6   the general consuming public.

7       96.    Plaintiff is informed and believes, and thereon alleges, that

8   Defendants have derived and received, and will continue to derive and receive,

9   gains, profits, and advantages from Defendants' false advertising in an amount

10  that is not presently known to Plaintiff.

11      97.    By reason of Defendants' actions, constituting false or misleading

12  advertising, Plaintiff has been damaged and is entitled to monetary relief in an

13  amount to be determined at trial.

14      98.    Due to Defendants' actions, constituting false or misleading

15  advertising, Plaintiff has suffered and continues to suffer great and irreparable

16  injury, for which Plaintiff has no adequate remedy at law.

17

18  **EIGHTH CAUSE OF ACTION**

19  **(Declaratory Relief)**

20  **(Against All Defendants)**

21      99.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-98

22  of this Complaint as if set forth fully herein.

23      100.    An actual controversy exists between Plaintiff and Defendants.

24  This controversy is in regard to the use and ownership of the aforementioned

25  trademarks. Plaintiff asserts that it is the lawful owners of a U.S. Trademark; the

26  common law trademarks; and trade names. Accordingly, Plaintiff seeks a

27  judicial declaration that the aforementioned trademarks are properly owned by it

28  and that Defendants have no lawful interest in such trademarks. The value of

the trademarks at issue is in an amount that is in excess of the jurisdictional limit of this Court.

## NINETH CAUSE OF ACTION

### (Misappropriation)

### (Against All Defendants)

101.    Plaintiff repeats and re-alleges the allegations of paragraphs 1-98 of this Complaint as if set forth fully herein.

102.    Plaintiff has invested substantial time, skill, and money developing the Mark and its goodwill.

103.    Defendants have improperly appropriated, used and are using the Plaintiff's good will and the Mark plan to continue such use.

104.    Defendants' misappropriation and illegal and unauthorized use of the Mark and goodwill were without authorization or voluntary consent.

105.    As a direct and proximate result of Defendants' unlawful conduct described herein, Plaintiff has been damaged and injured in an amount which is unascertainable at this time.

106.    Defendants' actions are still ongoing and unless enjoined will cause irreparable harm to Plaintiff. Consequently, damages will be insufficient to compensate for such unlawful use. Therefore, Plaintiff seek immediate injunctive relief from this Court.

107.    Defendants, and each of them, in performing the conduct complained of herein, acted willfully, maliciously, oppressively, fraudulently, and with the intent to cause injury to Plaintiff. Therefore, Plaintiff seek punitive damages.


Respectfully Submitted,


DATED: May 6, 2015                              ADLI LAW GROUP PC

1

2          BY:    /s/Drew H Sherman
3                 Dariush G. Adli, Esq.
                  Drew H. Sherman, Esq.
4
5                 Attorneys for Plaintiffs
                  Antiaging Institute of California,
6                 Inc.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **PRAYER FOR RELIEF**

3

4

   **WHEREFORE**, Plaintiff pray for judgment in its favor against Defendants for the following relief:

5

6

7

8

9

10

11

   A.      A preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

12

13

14

15

16

17

   1.   using any of Plaintiff registered and common law trademarks, or any other mark, symbol, or logo that is confusingly similar to any of the their marks on or in connection with any services, including but not limited to, the manufacturing and distribution of health products.

18

   2.   falsely designating the origin of Defendants' goods;

19

20

   3.   unfairly competing with Plaintiff in any manner whatsoever;

   4.   making false or misleading statements, descriptions of fact, or false or misleading representations of fact;

21

22

23

   5.   causing a likelihood of confusion or injuries to Plaintiff' business reputation; and

24

25

   6.   manufacturing, using, displaying, distributing, or selling any goods that infringe any of the Plaintiff' marks.

26

27

28

   B. That Defendants be required to account for any and all profits derived by their acts of trademark infringement, false designation of origin,

1    trademark dilution, and unfair competition complained of in this Complaint.

2

3        C.  That Defendants' acts of trademark infringement and counterfeiting,

4    false designation of origin, trademark dilution and unfair competition,

5    complained of in this Complaint be deemed willful, that this be deemed an

6    exceptional case, and that Plaintiff be entitled to enhanced damages.

7

8

9        D.  That Plaintiff be awarded damages for Defendants' trademark

10   infringement and counterfeiting pursuant to 15 U.S.C. § 1117 in the form of

11   either: (i) Defendants' profits, damages sustained by Plaintiff, and the costs of

12   the action; or (ii)statutory damages pursuant to 15 U.S.C. § 1117(c), at

13   Plaintiff' election before the entry of a final judgment.

14

15       E.  That the amount of the profits or damages be increased three times,

16   pursuant to 15 U.S.C. §1117(b), to properly compensate Plaintiff for

17   Defendants' actions.

18

19       F.  The Plaintiff be awarded damages for Defendants' common law

20   trademark infringement, and unfair competition pursuant to California

21   Business & Professions Code § 17200 et seq.

22

23       G.  That Plaintiff be awarded damages for breach of the agreement.

24

25

26       H.  That Plaintiff be awarded damages, including punitive damages, for

27   Defendants' intentional and negligent interference with Plaintiff' prospective

28   business advantage.

1    I.      That Defendants' acts of trademark infringement and unfair

2    competition complained of in this Complaint be deemed willful; that this be

3    deemed an exceptional case; and that Plaintiff be entitled to enhanced

4    damages.

5

6        J.  An award of pre-judgment and post-judgment interest and costs of

7    this action against Defendants.

8

9        K.      Such other and further relief as this Court may deem just.

10

11   Respectfully Submitted,

12

13   DATED: May 6, 2015                    ADLI LAW GROUP PC

14

15                                  BY:   /s/ Drew H Sherman
16                                        Dariush G. Adli, Esq.
17                                        Drew H. Sherman, Esq.

18                                        Attorneys for Plaintiffs
19                                        Antiaging Institute of California,
20                                        Inc.

21

22

23

24

25

26

27

28

-23-
COMPLAINT

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Third Party Plaintiffs demand a jury trial of any issues in this action so triable.


Respectfully Submitted,


DATED: May 6, 2015                            ADLI LAW GROUP PC


                                        BY:   /s/ Drew H Sherman
                                              Dariush G. Adli, Esq.
                                              Drew H. Sherman, Esq.

                                              Attorneys for Plaintiffs
                                              Antiaging Institute of California, Inc.