UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTIAGING INSTITUTE OF CALIFORNIA, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SOLONOVA, LLC, a California limited liability company, et al.,<br><br>Defendants. | Case No. 2:15-cv-3416-AB (FFMx)<br>Hon. André Birotte, Jr.<br>Magistrate Judge Frederick F. Mumm<br><br>**ORDER ON DEFENDANTS' MOTION TO COMPEL** |

On June 7, 2016, defendants Solanova, LLC, Deepak Chopra, Tishcon Corp. and Raj Chopra filed a motion to compel supplemental discovery responses from plaintiff, Antiaging Institute of California, Inc. Along with the motion, defendants filed two declarations and exhibits, including a Joint Stipulation of the parties pursuant to the Local Rules.

Defendants' motion seeks an order compelling plaintiff to provide supplemental responses to interrogatories and to produce documents. Defendants also seek an order deeming admitted two requests for admissions.

The Court notes that the discovery cutoff in this action is set for July 1, 2016. Pursuant to Judge Birotte's civil jury trial order, "Any motion challenging the

1 adequacy of discovery response must be filed, served, and calendared sufficiently in
2 advance of the discovery cut-off date to permit the responses to be obtained before
3 that date if the motion is granted." Therefore, there is inadequate time for the Court
4 to grant defendants relief. However, the Court notes that plaintiff is seeking an
5 extension of the discovery cutoff. Given the pendency of that request and the utter
6 insufficiency of plaintiff's responses, the Court will advise the parties of how it will
7 rule on the motion in the event the discovery cutoff date is continued.

## INTERROGATORIES

Defendants served 39 numbered interrogatories on plaintiff. Plaintiff objected to each and every interrogatory. Plaintiff's primary objection is that defendants are limited to propounding 25 interrogatories. However, rather than object to interrogatories 26 through 39 on this basis, plaintiff objected to every interrogatory. After receiving plaintiff's objections, defendants sought to withdraw the supernumerary interrogatories. Plaintiff refused the offer and the motion followed.

Plaintiff cites a District Court discovery decision for the proposition that a party may not serve a set of interrogatories that contains more than 25 without prior court approval. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 586-88 (C.D. Cal. 1999). In that case, the propounding party served a set of interrogatories containing 35 interrogatories. The responding party objected to all of the interrogatories on the ground they were untimely. After the discovery period was extended, the propounding party served a "revised" set of 29 interrogatories. When the responding party objected that the propounding party had served interrogatories in excess of the number permitted, the propounding party attempted to withdraw four of the interrogatories. In sustaining the objections, the court reasoned that by serving the interrogatories the propounding party had required the responding party to answer or object within a short time period. The burden of providing a timely objection or answer sufficed to count the interrogatories served in

the original set toward the numerical limit. The court expressed concern that litigants could abuse the limitation by continually propounding interrogatories only to withdraw them and propound more interrogatories. Further, the court found no authority allowing a party to withdraw any interrogatories.

Although *Walker* was decided in 1999, the Ninth Circuit still has not addressed the issue and no binding authority appears to exist on the point. After reviewing the rationale in *Walker*, the Court does not find it to be persuasive. First, nothing in the Federal Rules suggests that a party forfeits his right to propound any interrogatories if he propounds a set containing more than 25. That result seems inconsistent with concepts underpinning modern discovery. Second, the Federal Rules are now interpreted to require cooperation by the parties in discovery. The gamesmanship contemplated by the *Walker* opinion would now result in swift and severe sanctions being imposed on the offending party.

In any event, the Court is presented with a situation where it appears that plaintiff is not only failing to cooperate in discovery, it is actively resisting discovery. Except for plaintiff's feigned confusion over the meaning of common words in the English language, all of plaintiff's objections are essentially boilerplate. With respect to claims of confidentiality, a protective order would more than adequately address the objections. In sum, none of plaintiff's objections is meritorious.

To the extent the discovery cutoff date is continued, the Court will grant defendants' motion to compel supplemental responses to the twenty-five Interrogatories included in the motion.

## DOCUMENT REQUESTS

Plaintiff states that it will produce all responsive documents to Request Nos. 26, 32, 33, 34, and 35, except for privileged documents. The Court has not seen plaintiff's privilege log so is not in a position to opine as to whether any documents were appropriately withheld. Therefore, to the extent the discovery cutoff is

continued, plaintiff will be required to provide a verified statement that, notwithstanding any objections, all non-privileged documents have been produced. Plaintiff will also be required to provide defendants with a privilege log identifying any document that has been withheld on account of privilege.

With respect to Request Nos. 27-31, plaintiff's objections are overruled for the same reasons the objections to the interrogatories were overruled. The Court is issuing a Protective Order this date to address plaintiff's objections based on confidentiality. Plaintiff will be required to produce all responsive documents.

## REQUESTS FOR ADMISSIONS

Defendants ask the Court to order Request Nos. 7 and 8 be deemed admitted. The Court acknowledges that plaintiff's responses were improper. However, rather than order that the requests be deemed admitted, the Court will order plaintiff to respond to the requests as required by the Federal Rules.

The Court is unable to grant the motion at this time, given the impending discovery cutoff. However, if the discovery cutoff date is extended, defendants are directed to provide the Court with a proposed order granting the instant motion as set forth above.

Dated: June 29, 2016

                                            /S/ FREDERICK F. MUMM
                                                 FREDERICK F. MUMM
                                         United States Magistrate Judge